IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Lawrence Williams<br><br>Plaintiff,<br><br>v.<br><br>Richland County Public Library,<br><br>Defendant. | C/A No.:  3:22-cv-02442-SAL-SVH<br><br><br><br>COMPLAINT |

## INTRODUCTION

Plaintiff Lawrence Williams, by and through his undersigned counsel, hereby brings the Causes of Action of Race Discrimination/Racially Hostile Work Environment pursuant to Title VII of the Civil Rights Act of 1964, as amended, Breach of Contract, Negligent Supervision, and Retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, against Richland County Public Library ("Defendant") based on the following allegations.

## ADMINISTRATIVE CHARGE

1. Plaintiff has exhausted all administrative remedies and prerequisites prior to filing this lawsuit, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of this Action, as described below:

    a. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC") and South Carolina Human Affairs Commission ("SHAC") on May 27, 2021.

    b. Plaintiff received a Notice of Right to Sue from SHAC on May 2, 2022.

    c. Plaintiff has timely filed this action within one hundred twenty (120) days of the date on which he received his Notice of Right to Sue as described in Paragraph 1(b).

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies secured under 42 U.S.C. Section 2000(e) et. seq. (Title VII of the Civil Rights Act of 1964 ("Title VII")) and other Federal statutes. This Court also has pendant and supplementary jurisdiction over so much of this action as is based on State law.

3. Venue is proper in the Columbia Division, because the Causes of Action arose therein, the acts and practices complained of occurred there, and it is where Defendant does business and may be found.

## PARTIES

4. Plaintiff Lawrence Williams is a citizen of the State of South Carolina and resides in Richland County.

5. Defendant Richland County Public Library ("Library") is a public library system of Richland County, as defined by SC Code Ann. § 4-9-35(A). having agents, employees, offices, or properties in Richland County, South Carolina. At all times relevant to this Complaint, the Library was acting by and through its agents, servants, employees and/or officers.

## FACTS

6. Plaintiff Lawrence Williams is a fifty-two (52) year-old African American male and has worked for Defendant since March of 2014. Plaintiff currently works for Defendant as a Financial Software Administrator in Defendant's Finance Department. Plaintiff's supervisor is Ms. Sarah Sullivan (WF).

7. Throughout his tenure with Defendant, Plaintiff has performed his job satisfactorily at all times, and received performance reviews from Defendant which met or exceeded expectations.

8. Over the past two years, Plaintiff has been required to perform additional duties beyond his job description, without receiving additional compensation, despite multiple requests to Ms.

9. Sullivan for a pay increase. Upon information and belief, as recently as July 2020, Plaintiff was assigned responsibilities related to implementing a Human Resources system, which was outside of Plaintiff's job description as a Financial Software Administrator.

10. Based on the increased workload, Plaintiff asked Ms. Sullivan for a salary increase to compensate him for performance of the additional duties related to this assignment. Ms. Sullivan assured Plaintiff that she would present his request for a pay increase to senior management. However, to date, Plaintiff has not yet received a pay increase.

11. Due to Ms. Sullivan's refusal to grant Plaintiff's multiple requests for well-deserved salary increases, on or about May 11, 2021, Plaintiff discussed his frustrations regarding not receiving a salary increase based on performance of additional duties directly with Respondent's Human Resources Department. However, Respondent's Human Resources Department stated that they could not approve Plaintiff's request for a salary increase at that time.

12. Upon information and belief, while the Respondent has consistently denied and/or ignored Plaintiff's additional duty salary increases over the past two years, Plaintiff has witnessed other similarly-situated Caucasian colleagues receiving additional duty salary increases, which Plaintiff asserts shows direct evidence of the Respondent's discriminatory intent to deprive him, as an African American employee, of equitable pay.

13. In or around August 2020, Plaintiff along with his co-workers Annette Holmes (BF) and Keisha Byrd (BF) met with Sarah Sullivan (WF), Plaintiff's supervisor, and Chief Operations Officer Steve Sullivan (WM) to discuss their concerns regarding an increased workload, given to them as African American employees and not the Caucasian employees, as two employees were retiring from the Finance Department, reducing the staff from seven (7) to five (5) employees.

14. Plaintiff also discussed other concerns regarding the Finance Department, including Ms. Sullivan's preferential treatment of Financial Office Assistant Melinda Craig (WF). Specifically, Plaintiff discussed concerns with Ms. Sullivan's pattern of distributing Ms. Craig's work responsibilities to him and other black employees to assist Ms. Craig in handling her workload.

15. Though Plaintiff and his coworkers raised reasonable concerns, Ms. Sullivan took no actions to reduce Plaintiff's workload.

16. In or about November 2020, Plaintiff requested two weeks of PTO leave. Ms. Sullivan granted Plaintiff's request for PTO leave, on the condition that Plaintiff was available during leave when needed, to assist with the new HR system. On or about December 29, 2020, Ms. Sullivan texted Plaintiff to request that he attend a teleconference meeting to assist her with the new HR system immediately.

17. At that time, Plaintiff was undergoing an emergency dental surgery, and as a result of the surgery, notified Ms. Sullivan, that he was unable to attend the meeting. However, Plaintiff assisted Ms. Sullivan with her issue shortly after the meeting.

18. Shortly thereafter, on or about January 25, 2021, Plaintiff had a meeting with Human Resources Director Raphael Sebastian (BM) and Ms. Sullivan to discuss his six-month work plan, and other issues. During this meeting, Mr. Sebastian never gave any indication that he had the authority to control or affect Plaintiff's performance.

19. Upon information and belief, Plaintiff did not receive his six-month work plan until this meeting on January 25, 2021, although his Caucasian coworkers, to the best of his knowledge, were given their six-month work plan in December 2020. This caused Plaintiff to lose

approximately one month of work on these goals as opposed to his Caucasian coworkers who received their plan in a timely manner.

20. Additionally, during the January 25, 2021 meeting, Ms. Sullivan presented Plaintiff with a correction action form, and discussed what she believed were Plaintiff's performance deficiencies.

21. Upon information and belief, the corrective action was based on false and pretextual grounds of insubordination, non-compliance with the Respondent's standards of customer experience, and communication issues.

22. Ms. Sullivan also discussed the incident on or about December 29, 2021, as pretextual grounds for the corrective action. Plaintiff asserts that at no point had his performance deteriorated to the level that a corrective action was necessitated. Ms. Sullivan could not provide any specific details to support her grounds for this corrective action, which Plaintiff asserts further supports his belief that he was given this corrective action in retaliation for complaints regarding Ms. Sullivan's preferential treatment of Ms. Craig, and because of my race.

<u>FIRST CAUSE OF ACTION</u>
*Title VII Race Discrimination/Racially Hostile Work Environment*

23. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

24. Plaintiff asserts that the preferential treatment, harassment and termination were a mere pretext for the discrimination against Plaintiff based on his race.

25. Defendant was wanton, reckless, and intentional in its discrimination against the Plaintiff in changing the terms and conditions of his employment based upon his race.

26. In failing to protect Plaintiff from race discrimination, preferential treatment or harassment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended.

27. Defendant violated Title VII of Civil Rights act of 1964, by allowing the race discrimination, preferential treatment and harassment to exist in the workplace.

28. The Defendant's wrongful actions as set forth aforesaid constituted a hostile work environment for the Plaintiff. Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by allowing a hostile work environment to exist regarding race discrimination in the workplace.

29. The aforesaid conduct of Defendant, its agents, and servants, violates laws against harassment and was, in fact, harassment in nature and in violation of Title VII of Civil Rights Act of 1964, as amended.

30. As a direct and proximate result of Defendant's discrimination on the basis of race, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

31. Defendant's employment discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

32. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

33. Due to that acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## SECOND CAUSE OF ACTION
*Breach of Contract*

34. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

35. Plaintiff and Defendant entered into a binding and valid contract whereby Defendant offered Plaintiff employment. Plaintiff accepted the offer of employment and agreed to fulfill the duties of his position in exchange for valuable consideration, his salary, as well as Defendant's guarantees that he would be protected from discrimination and other illegal acts.

36. Defendant maintains an employment handbook and its own policies and procedures.

37. At all times during the course of his employment, Plaintiff relied on the promises contained in Defendant's handbook, policies and procedures, and governing documents.

38. Defendant breached its employment contract with Plaintiff and its own policies and procedures by failing to protect Plaintiff from the actions of Ms. Sullivan, to include retaliation on the basis of Plaintiff's protected complaints.

39. As a result of Defendant's breach of contract, Plaintiff has suffered actual, compensatory, physical, mental, emotional and consequential damages stemming from the breach and other such damages as are allowable by law.

## THIRD CAUSE OF ACTION
*Negligent Supervision*

40. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

41. Defendant Library failed to use due care in supervising its employees, specifically Sarah Sullivan.

42. Ms. Sullivan was permitted to misuse her supervisory authority over Plaintiff to target Plaintiff in disciplinary actions for his protected complaints.

43. By failing to appropriately supervise Ms. Sullivan, Defendant permitted Ms. Sullivan to pretextually issue Plaintiff a corrective action despite a failure to investigate the veracity of these allegations.

44. Defendant knew or should have known that Ms. Sullivan's repeated targeting of Plaintiff demonstrated her propensity, proclivity, or course of conduct sufficient to put the employer on notice of the possible danger to Plaintiff and his employment.

45. Plaintiff's wrongful discipline has a sufficient nexus to Ms. Sullivan's misconduct in targeting the plaintiff with employee discipline for acts which were not violative of Defendant policy because the same actor targeted the same victim for the same ultimate purpose: to manufacture support of her objective—to discriminate against Plaintiff.

46. Accordingly, due to the acts of Defendant and its agents, Plaintiff is entitled to injunctive relief and civil damages, back wages plus interest, and payment for lost wages. Plaintiff is further entitled to actual and compensatory damages in the value and nature of his lost wages, benefits and front pay, with interest applied thereupon, in addition to any liquidated damages, reasonable attorneys' fees and the costs of bringing this action.

## FOURTH CAUSE OF ACTION
*Title VII Retaliation*

47. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

48. Plaintiff repeatedly objected to and protested the violations of his federally protected rights within the Defendant's administrative structure and later, to the Equal Employment Opportunity Commission.

49. After Plaintiff sought to seek relief from Defendant's discriminatory practices, to include but not limited to consulting with upper management through the chain-of-command, Defendant retaliated against him by a continuance of harassment and by not addressing his complaints.

50. Accordingly, Plaintiff is entitled to compensatory and punitive damages in the nature of the value of his lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and reasonable attorney's fees for the bringing of this action.

## JURY TRIAL REQUESTED

51. Plaintiff requests a jury trial.

## PRAYER FOR RELEIF

52. **WHEREFORE**, Plaintiff prays that this Honorable Court declares that Defendant's actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

    a. Declaring the actions complained of herein illegal.

    b. Issuing an injunction enjoining the Defendants, their agents, employees, successors, attorneys and those acting in concert or participation with the Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of 42 USC § 2000(e) et. seq. (race discrimination / racially hostile work environment / retaliation), breach of contract, and the common laws of the State of South Carolina.

    c. Awarding Plaintiff compensatory and punitive damages for each Cause of Action contained herein as appropriate, which the jury should find appropriate as a result of the Defendants' unlawful discriminatory actions taken as the result of Plaintiff's race and other pled causes of action; including mental anguish, pain and suffering, harm to Plaintiff's economic opportunities, any back pay, front pay and future

earnings with cost of living adjustments, prejudgment interest, fringe benefits, and retirement benefits;

d. Awarding Plaintiff his costs and expenses in this action, including reasonable attorney fees, and other litigation expenses; and

e. Granting such other and further relief as may be just and necessary to afford complete relief to the Plaintiff as this Court may deem just and proper.

    Respectfully Submitted,

  __s/Donald Gist_____
Donald Gist, Esq. Fed. ID# 7178
Erica McCrea, Esq. Fed. ID# 13493
***GIST LAW FIRM, P.A.***
4400 North Main Street (29203)
Post Office Box 30007
Columbia, South Carolina 29230
Tel. (803) 771-8007
Fax (803) 771-0063
Email: dtommygist@yahoo.com
      ericamccrea.gistlawfirm@gmail.com

    ***Attorneys for Plaintiff Keisha Byrd***

July 28, 2022